UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LAEL WILLCOXON-WILSON, | No. CV 04-1891-MO |
| Plaintiff, | OPINION & ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**MOSMAN, J.,**

On January 18, 2006, I entered an order remanding this case under sentence six of 42 U.S.C. § 405(g). The Administrative Law Judge's ("ALJ") decision being reviewed at that time found Ms. Willcoxon-Wilson not disabled from her alleged onset date of November 28, 1991 through April 29, 1999, but did find her disabled as of April 30, 1999. As the Commissioner conceded in its memorandum in support of remand, the ALJ failed to give sufficient explanation as to why April 30, 1999 triggered disability. For that and other reasons, the Commissioner argued the ALJ's decision must be reversed and remanded for further proceedings to allow the ALJ to call a medial expert ("ME"), as contemplated under Social Security Ruling ("SSR") 83-

PAGE 1 - OPINION AND ORDER

20, 1983 WL 31249 (1983), to review the medical record and determine Ms. Willcoxon-Wilson's disability onset date.  Def.'s Mem. in Supp. of Remand at 10.

The court held oral argument on the Commissioner's motion to remand, during which the Commissioner agreed Ms. Willcoxon-Wilson was disabled at least as of April 30, 1999 and stated further proceedings would be limited to determining if the medical record supports an earlier onset date.  Specifically, counsel for the Commissioner stated, "I would like this matter to be looked at on remand by a medical expert and to obtain testimony from a medical expert.  It's not clear why the [ALJ] found that as of . . . April 30th, 1999, Ms. Willcoxon[-Wilson's condition is disabling]."

Based on the Commissioner's arguments, the court ultimately granted the request for additional proceedings.  However, concerned about the agency's prolonged efforts at resolving Ms. Willcoxon-Wilson's case, the court specifically outlined the ALJ's discrete task on remand, stating:

> [W]e have testimony from a medical doctor that the claimant's fibromyalgia would render her in such pain that she would miss work four days a month, and based on that, the testimony of the vocational expert that says that that fact would render her disabled in light of other facts that aren't in dispute, such as her job skills and work history.
> That means that when we know the onset date of those symptoms, we know that she's disabled for that period of time.  So there are no remaining questions about whether she has fibromyalgia or whether the fibromyalgia is a disability -- excuse me, causes her to be disabled for Social Security purposes.  The only remaining question is when did those symptoms reach the level that w[as] described by the doctor post-remand [from the Ninth Circuit].  Was it -- and we have here today an agreement by the government that the symptoms were at such a level from [April][1] 30, 1999 on.  The issue on remand is how much earlier in time than [April] 30 could it be said to be true that those symptoms were at the level that would cause her to miss work at least two days a month.

---

[1] Initially, the court misspoke and stated, "October 30, 1999."

PAGE 2 - OPINION AND ORDER

Since this hearing, this case has again repeated what is now a very familiar cycle. The ALJ held a new hearing and issued a new decision–again finding Ms. Willcoxon-Wilson not disabled prior to April 30, 1999–and Ms. Willcoxon-Wilson appealed, arguing the ALJ made numerous errors.

In considering the ALJ's new decision, it is clear he did not understand his task on remand. Instead of eliciting further medical testimony specifically addressing the onset of Ms. Willcoxon-Wilson's limitations, Ms. Willcoxon-Wilson was the only witness who gave additional testimony. Thereafter, the ALJ stated he would "again take a look at the file and issue a new decision." Tr.[2] at 886. And he did just that. He reanalyzed the entire five-step sequential process. Further, in addressing the medical evidence from the relevant time period, he simply cut and pasted his prior analysis into his new decision, verbatim. *Cf.* Tr. at 450-54, *with* Tr. at 796I-M. Ms. Willcoxon-Wilson did submit some additional medical evidence, but the ALJ simply assessed this evidence in light of his prior conclusions. Tr. at 796M-N.

In an attempt to address this court's direction on remand, the ALJ explained:

> I have found [Ms. Willcoxon-Wilson's] fibromyalgia symptoms have been present throughout the material period. However, her fibromyalgia symptoms, without limitations caused by additional impairments, have never been disabling. The decision establishing her disability beginning April 30, 1999, was based on fibromyalgia symptoms combined with depression, a pain disorder and onset of chronic fatigue symptoms resulting from a combination of the impairments.

Tr. at 796N.

This explanation is wholly inadequate and misses the point. The Ninth Circuit held in its remand opinion of November 24, 1998, that only Ms. Willcoxon-Wilson's fibromyalgia remained

---

[2]"Tr." refers to the Transcript of Social Security Administrative Record.

PAGE 3 - OPINION AND ORDER

at issue. *See Willcoxon v. Comm'r of the Soc. Sec. Admin.*, 1998 WL 833623 (unpublished). During the January 2006 hearing before this court, the Commissioner, as explained above, clearly conceded disability as a result of *fibromyalgia* by April 30, 1999, and only sought remand to further develop the medical record concerning the onset of Ms. Willcoxon-Wilson's limitations. For the ALJ to explain his decision based on other impairments given this history is puzzling.

Further, the ALJ fails in the current decision, as he did in the prior decision, to identify medical evidence supporting an April 30, 1999 onset of disability. Ms. Willcoxon-Wilson did have a medical appointment with Dr. Steward on this day, but he did not diagnose the new impairments identified by the ALJ or otherwise explain why this is the proper triggering date. *See* Tr. at 567.

In any event, the court's direction on remand was not followed. Just as before, there is insufficient medical evidence to determine when Ms. Willcoxon-Wilson's impairments became disabling. Ms. Willcoxon-Wilson argues the court should simply credit the evidence wrongly rejected by the ALJ and award benefits. The problem with this approach, however, is, even when credited, the evidence does not conclusively establish the onset of disability. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Therefore, I remand this case to the ALJ with specific instructions that he present the current medical record to a ME, as contemplated by SSR 83-20, and ask the ME to infer, if possible, the onset date of Ms. Willcoxon-Wilson's limitations, which the parties agree render her disabled under the Act by at least April 30, 1999. *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998). This is the only issue that needs to be addressed. No other proceedings are called for or necessary. After eliciting such evidence, the ALJ should apply the ME's opinion in light of the current VE testimony and resolve the case

PAGE 4 - OPINION AND ORDER

accordingly. I further instruct the Commissioner that given the lengthy history and proceedings of this case, every effort should be made to resolve this issue expeditiously.

IT IS SO ORDERED.


DATED this  19th   day of October, 2006.

/s/ Michael W. Mosman
Michael W. Mosman
U.S. District Judge
